**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

ADC Telecommunications, Inc.,

Plaintiff,

Civil No. 01-477 ADM/AJB

v.

**PRETRIAL SCHEDULING ORDER**

Panduit Corp,

Defendant.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court as amended effective May 1, 2000, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Discovery Plan

1. The plaintiff shall serve upon the defendant on or before July 1, 2001, a "Plaintiff's Claim Chart," which shall identify: (1) which claim(s) of its patent it alleges are being infringed; (2) which specific products or methods of defendant it alleges literally infringe each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present. If there is a contention by plaintiff that there is infringement of any claims under the doctrine of equivalents, plaintiff shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, plaintiff shall also explain each of the functions, way and result that it contends are equivalent, and why it contends that any differences are not substantial.

   As to those patents at issue which are "design patents," plaintiff shall, in addition to the matters set forth above, clearly identify which features they claim are ornamental and state clearly the reasons why it takes that position and which are being relied upon as novel and state in detail the basis for its contention in that regard.



FILED JUN 01 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. On or before August 1, 2001, defendant shall serve upon plaintiff "Defendant's Claim Chart" that indicates with specificity which elements on Plaintiff's Claim Chart it admits are present in its accused device or process, and which it contends are absent. In the latter regard, defendant will set forth in detail the basis for its contention that the element is absent. As to the doctrine of equivalents, defendant shall indicate on its chart its contentions concerning any differences in function, way and result and why any differences are substantial.

As to the "design patents" at issue, defendant shall, in addition to the matters set forth above, identify any which it believes are non-ornamental and clearly state the reasons why it takes said position and clearly state which of the "design patents" it contends are not novel and state in detail the basis for its contention in that regard.

3. Following Defendant's service of its Claim Chart as set forth above, the Court shall be contacted for purposes of scheduling a hearing to determine claim interpretation. ("Markman Hearing")

a. On or about September 1, 2001, each side shall file with the Court a statement of the interpretation for which it contends, along with a memorandum explaining how the intrinsic evidence (claims, specification and prosecution history of the patent(s)-in-suit) support that interpretation.

b. If either side alleges that it also intends to rely on extrinsic evidence, it shall:

(i) explain why extrinsic evidence is necessary;
(ii) explain the extrinsic evidence it intends to offer; and
(iii) if the extrinsic evidence is testimony (e.g. from an expert or the inventor), submit to the Court such testimony in the form of an affidavit.

c. If one side indicates its intention to rely on extrinsic evidence, within 15 days the opposite party shall file a memorandum with the Court:

(i) stating its position on the need for the extrinsic evidence offered by the other party; and
(ii) stating whether, if the Court hears the extrinsic evidence offered by its opponent, it wants to present extrinsic evidence as well; and, if so, providing the information required under subsections (i)-(iii) in part b. above.

d. Ten (10) days before the date of the Markman hearing, the Court shall issue an Order stating:

(i) whether it will receive extrinsic evidence, and if so, the particular evidence it will receive; and
(ii) whether the extrinsic evidence in the form of testimony shall be the affidavits already filed, or in the form of live testimony from the affiants.

Discovery Relating to Validity/Prior Art

1. On or before October 1, 2001, defendant shall serve on plaintiff a list of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by plaintiff ("Defendant's Prior Art Statement).

2. On or before November 1, 2001, plaintiff shall serve on defendant "Plaintiff's Prior Art Statement," in which it will state in detail its position on what the prior art relied upon by defendant shows, if its interpretation differs from defendant's, and its position on why the prior art does not invalidate the patent(s)-in-suit.

3. The plaintiff's and defendant's "Prior Art Statements" can be, but need not be, in the form of expert reports.

4. Defendant can add prior art to its original Statement only by leave of court, upon a showing:

(a) that it was not and could not reasonably have been located earlier by defendant; and
(b) that it is not merely cumulative of prior art already listed, and
(c) how defendant will be prejudiced if leave is denied, and plaintiff will not be prejudiced if leave is given.

Pleading of Defenses

1. It shall not be a ground for objection by plaintiff to discovery that it relates to defenses not pled by defendant, where the evidence needed to support these defenses is in whole or in part in the hands of the plaintiff.

2. Once plaintiff has given the necessary discovery, defendant may seek leave of Court to add defenses for which it alleges, consistent with F.R.C.P. 11, that it has support, and such support shall be explained in the motion seeking leave. Leave shall be liberally given where prima facie support is present, provided that defendant seeks leave as soon as reasonably possible following plaintiff's providing the necessary discovery.

Discovery Definitions

1. In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art," "best mode," "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this Order is not satisfied by the respondent including a specific definition of the term-of-art in its response, and limiting its response to that definition.

Expert Witnesses

1. On or before February 1, 2002, the parties shall exchange expert reports, which reports shall be in accordance with F.R.C.P. 26(a)(2)(B) ("Initial Expert Reports"). The Initial Expert Reports from each party shall deal with the issues on which that party has the burden of persuasion.

2. On or before March 1, 2001, Rebuttal Expert Reports shall be exchanged. Rebuttal Expert Reports shall also be in accordance with F.R.C.P. 26(a)(2)(B).

3. Every expert report shall begin with a succinct statement of the opinions the expert expects to give at trial.

4. Unless leave of court is applied for and given, there shall be no expert testimony at trial on behalf of the party having the burden of persuasion on any issue not covered in that party's Initial Expert Report.

5. Unless leave of Court is applied for and given, an expert shall not use or refer to at trial any evidence, basis or grounds in support of his/her opinion not disclosed in his/her expert report, except pursuant to paragraph 8, below.

6. Unless leave of Court is applied for and given, no expert reports other than the

Initial and Rebuttal Reports described in paragraphs 1 and 2 above shall be permitted.

7. No application under paragraphs 4 - 6 shall be filed later than 30 days before the Final Pretrial Conference.

8. The application for leave of Court referred to in paragraphs 4 - 6 above shall: (1) include, as an attachment, the additional expert report sought to be used, in which the new issue, evidence, basis or ground is explained; (2) explain in detail why the issue, evidence, basis or ground was not, or could not be, included in the Initial or Rebuttal report; and (3) explain the prejudice to the submitting party if the additional expert report is not permitted, and the lack of prejudice to its opponent if the additional expert report is permitted.

9. Within ten (10) days after the filing of an application pursuant to paragraph 8, the other party may file an opposition to the application, dealing with the issues of: (i) timeliness; (ii) prejudice; and (iii) what additional expert reports would be needed by the respondent if leave of court is given to the movant.

10. Anything shown or told to an expert relating to the issues on which he/she opines, or to the evidence, basis or grounds in support of or countering the opinion, shall be referenced in that expert's report and is subject to discovery by the opposing party.

11. The parties shall agree on: (i) whether drafts of expert reports should be retained and produced; and (ii) whether there shall be inquiry into whom, if anyone, other than the expert participated in the drafting of his/her report. In the absence of such an agreement, drafts of expert reports need not be produced, but inquiry into who participated in the drafting and what their respective contributions were is permitted. The court will not entertain motions on these two issues.

12. Expert depositions shall be completed on or before May 1, 2002.

Privilege & Related Issues

**Foreign Prosecution**

1. If requested by defendant, plaintiff shall produce to it:

(a) all prior art cited against foreign counterparts of the U.S. application(s) for

the patent(s)-in-suit; and

(b) all communications to or from foreign patent offices regarding counterparts of the U.S. application for the patent(s)-in-suit.

"Foreign counterparts" shall be interpreted broadly and includes applications based on specifications similar to the specification for the patent(s)-in-suit, regardless of their claims.

2. There is presumption that communications between persons prosecuting foreign counterpart applications (attorneys or patent agents) and (i) the inventors; (ii) U.S. prosecution counsel; and (iii) each other, are privileged. If such communications are requested by defendant and plaintiff objects on privilege grounds, no motion to compel shall be filed unless defendant can show, with specificity, what it expects the communications to show ("something damaging to plaintiff's position" is not a sufficiently specific showing) and how it intends to use the information discovered if it shows what is expected. If a sufficient showing by defendant is made, the court will receive the communications for inspection *in camera*, and will release them to defendant only if they do show what defendant expected.

**Patent Owner/Prosecution Counsel Communications**

3. Communications during patent prosecution between the inventor and owner of the patent(s)-in-suit on the one hand, and counsel prosecuting the patent(s) on the other, are presumptively privileged, and need not be produced by plaintiff unless defendant can state:

(a) with reasonable specificity what information it believes it will find in such communications, and the basis for such belief; and
(b) for what purpose it would use the information at trial.

If defendant makes the required showing, the documents in question will be produced to the court for *in camera* inspection to determine whether they do, in fact, contain the information specified by defendant and whether it could be used for the purpose proposed by defendant. The documents will be produced to defendant only if both conditions are satisfied.

**Privilege Log**

4. Absent an agreement of counsel to the contrary, any document requested that is

not produced shall be identified in a log of withheld documents ("Withheld Document Log"). For each document listed on the Withheld Document Log, the following information must be given:

(a) the author(s);
(b) the recipient(s);
(c) the position held by each author and each recipient, including whether they are lawyers;
(d) the date;
(e) the basis or bases for withholding the document;
(f) a description of the document in such detail that the requesting party can determine whether to challenge the basis or bases set forth pursuant to (e), (e.g., that "the document contains legal advice from X to Y concerning the subject of marking with the patent number").

**Inventor Testimony**

5. In depositions of the inventor(s) of the patent(s)-in-suit, there shall be no instruction by the patentee's counsel not to answer questions posed by counsel for the defendant. Questions calling for the inventor(s) to state an opinion or interpret a document relevant to issues in the case are not objectionable, and must be answered if the inventor(s) has an opinion or considers himself able to give an interpretation. The inventor can decline to answer the question only if, in truth, the inventor(s) has no opinion or is unable to interpret the document; but the inventor(s) shall then be barred from giving such opinion interpreting such document at trial, and opposing counsel may advise the fact finder at trial of the inventor's declining to answer.

Fact Discovery

1. Discovery shall be commenced in time to be completed by December 30, 2001.

2. No more than 30 interrogatories (counted in accordance with Fed.R.Civ.P. 33(a)) shall be served by any party.

3. No more than 100 document requests shall be served by any party.

4. No more than 15 depositions, excluding expert witness depositions, shall be taken by any party. Each party shall take no more than 4 expert depositions.

5. No more than 30 request for admissions shall be served by any party.

Non-Dispositive Motions

(Non-dispositive motions may be scheduled for hearing by calling Kathy Thobe, Calendar Clerk, 651-848-1210.)

1. All motions which seek to amend the pleadings or add parties must be served by October 1, 2001.

2. All other non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed by the discovery deadline date, May1, 2002 .

3. Prior to scheduling any non-dispositive motion, parties are encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through telephone conference with the Magistrate Judge. To the extent that formal discovery motions will be filed, said motions should strictly comply with the provisions of Local Rules 7.1 and 37.1 and **shall be presented in a form that complies with Local Rule 37.2.**

Dispositive Motions

1. All dispositive motions shall be served and filed by the parties by July 1, 2002. (Counsel are reminded that they must anticipate the time required for scheduling this hearing by calling Calendar Clerk Gertie Simon, 612-664-5093.)

2. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1.

Trial

This case shall be ready for a **Jury** trial on September 1, 2002, or upon resolution of any pending dispositive motions. Anticipated length of trial is 15 days.

Dated: 6/1/01

Arthur J. Boylan
United States Magistrate Judge