IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| ADC TELECOMMUNICATIONS, INC., Plaintiff, v. PANDUIT CORP., Defendant. | ) | Case No. 01-CV-477 (ADM/AJB) **JURY TRIAL DEMANDED** |

# PROTECTIVE ORDER

Each of the parties, ADC Telecommunications, Inc. ("ADC") and Panduit Corp. ("Panduit"), asserts that it possesses information that is confidential. Each wishes to ensure that confidential information shall not be used for any purpose other than this action, shall not be made public, or be disseminated beyond the extent necessary for this action.

Accordingly, the following procedure shall be adopted for the protection of confidential and proprietary information:

## Definitions

1. CONFIDENTIAL INFORMATION means any document or thing designated by any party in good faith as "CONFIDENTIAL" because it contains or is a trade secret or other confidential engineering, research, business development, or commercial information.

## Designation of Information

2. It is contemplated that one or more of the parties will or may make available certain of its files for inspection by the other party or parties, which may contain confidential as well as nonconfidential material. In order to protect any and all confidential information contained in the

FILED JUL 09 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED ______
DEPUTY CLERK'S INITIALS ______

files produced for inspection, all documents made available for inspection shall be assumed to be CONFIDENTIAL INFORMATION and shall be treated as such until the producing party has had the opportunity to designate and mark them as "CONFIDENTIAL" according to paragraph 3. Following any inspection, the inspecting party will designate all documents to be copied, whereupon the desired copies will be furnished to the requesting party.

3. For any document or thing that the producing party deems to be CONFIDENTIAL INFORMATION, the producing party shall mark the document or thing "CONFIDENTIAL" at the time it is copied for the receiving party. Any copy of the document or thing or any abstract, summary or memorandum embodying information designated pursuant to this Order shall bear on its face "CONFIDENTIAL" or some such similar designation.

4. Whenever a deposition involves a disclosure of CONFIDENTIAL INFORMATION, the following procedure shall be implemented:

(a) At the request of the party whose CONFIDENTIAL INFORMATION is disclosed, the reporter shall mark those pages of the transcript containing CONFIDENTIAL INFORMATION as "CONFIDENTIAL." A request shall be made on the record whenever possible, but any party may designate portions of the transcript after transcription, as in the case of any other document or thing, provided that written notice of the designation is promptly given to the other parties. The parties shall not disseminate a deposition transcript or its contents beyond the persons designated in paragraphs 7 and 8 for ten days after receipt in order to give adequate time for such notice, except that portions of transcripts may be filed under seal with the Court at any time.

(b) The cover of any deposition transcript that contains CONFIDENTIAL INFORMATION shall be prominently marked as indicated in paragraph 4. All deposition transcripts designated as "CONFIDENTIAL" shall be sealed and dissemination limited to the

persons identified in paragraphs 7 and 8 hereof, provided that this provision shall not preclude disclosing testimony to any person who is a co-employee of the deponent whose testimony was marked "CONFIDENTIAL" or was so at the time of the events to which the testimony was directed. Any former employee shall execute, prior to any disclosure of CONFIDENTIAL INFORMATION, a written statement under oath, in the form of Exhibit "A," acknowledging that he or she is familiar with the provisions of this Protective Order and will abide by them.

5. Any documents designated "CONFIDENTIAL" that are included with or the contents disclosed in any paper filed with the court shall be filed in sealed envelopes prominently marked with the caption of this case, the identity of the party filing the envelope, and the notation:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR ITS
CONTENTS DISPLAYED, COPIED OR REVEALED,
EXCEPT BY COURT ORDER OR AGREEMENT OF THE PARTIES**

**Use of Confidential Information**

6. All material produced by any party in this action that is designated as "CONFIDENTIAL" shall be maintained according to this Order, and used solely in the preparation, prosecution or trial of this action. Subject to the provisions of paragraphs 4 and 9, nothing shall prevent disclosure of any CONFIDENTIAL INFORMATION (1) by the party who designated the item CONFIDENTIAL or (2) to any employee of such party or any former employee of such party who was involved with the matters the item is directed to at the time of the events to which item is directed, or (3) any non-party who authored or received the item prior to its production to the other party. Any former employee shall execute, prior to any disclosure of CONFIDENTIAL

INFORMATION, a written statement under oath, in the form of Exhibit "A," acknowledging that he or she is familiar with the provisions of this Protective Order and will abide by them.

7. Access to CONFIDENTIAL INFORMATION shall be restricted to the Court and its officers and to the following counsel, including their necessary support personnel:

(a) If produced by ADC, material may be disclosed to in-house counsel for Panduit, i.e., Gerald Caveney, Robert McCann and Jay Salman; attorneys and staff of the firm of McDonnell Boehnen Hulbert & Berghoff that are actively involved in representing Panduit in connection with this lawsuit; and attorneys and staff of the firm of Hinshaw & Culbertson that are actively involved in representing Panduit in connection with this lawsuit.

(b) If produced by Panduit, material may be disclosed to in-house counsel for ADC, i.e., Jeffrey Pflaum, Michael Ouyang, and Matt Luxton; and attorneys and staff of the firm of Merchant & Gould P.C. that are actively involved in representing ADC in connection with this lawsuit.

8. (a) If counsel for any party finds it necessary to disclose CONFIDENTIAL INFORMATION to any of that party's employees or to regular or permanent consultants, the name of each such individual(s) shall be furnished to counsel for the party whose CONFIDENTIAL INFORMATION is sought to be disclosed at least ten (10) days prior to disclosure, in sufficient time for the party to object. Once objection has been made, there shall be no disclosure to such person(s) until the objection is resolved, whether by agreement or by the Court, with the party desiring to disclose the CONFIDENTIAL INFORMATION having the burden of persuasion. Any person to whom disclosure is to be made shall be furnished with a copy of this Protective Order and, before any disclosure, shall execute a written statement under oath, in the form of Exhibit "A," acknowledging that he or she is familiar with the provisions of this Protective Order and will abide

by them. An executed duplicate original of the statement shall be mailed within three days to counsel for the party whose CONFIDENTIAL INFORMATION is sought to be disclosed.

(b) Before any disclosure of CONFIDENTIAL INFORMATION of another party is made to an outside independent individual or business employed by counsel for assistance in the preparation, prosecution or trial of this action, such individual or business shall be furnished with a copy of this Protective Order and shall execute a written statement under oath, in the form appended hereto as Exhibit "A," acknowledging that he or she is familiar with the provisions of this Protective Order and will abide by them, and such statement shall be kept by the employing counsel for reference should such be necessary. For a business, the statement shall be signed by a person authorized to bind the business organization who shall advise any other personnel of such consultant to whom CONFIDENTIAL INFORMATION is disclosed of the obligations imposed by this Order. Each outside independent individual or business shall be identified to the other parties prior to making any such disclosure in sufficient time (not less than ten (10) days) for any party to object and to seek further protection should it deem that necessary. If any party objects, no disclosure shall be made to such individual or business until the matter is resolved.

**Information Designated Improperly**

9. The following types of information shall be subject to removal of any "CONFIDENTIAL" designation:

(a) any information that, at the time of disclosure, is available to the public;

(b) any information that after disclosure becomes available to the public through no act, or failure to act, on behalf of the receiving party, its counsel or independent consultant; and

(c) any information that the receiving party, its counsel or independent consultants can show (i) as a matter of written record was already known to the receiving party from

legitimate sources, (ii) as a matter of written record was independently developed by the receiving party, (iii) was obtained from the furnishing party without having been identified as "CONFIDENTIAL" (subject to the provisions in paragraph 13), or (iv) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence.

10. The receipt of CONFIDENTIAL INFORMATION by a party shall not be construed as agreement by any other party that it is confidential, and shall not operate as a waiver of any party's right to challenge any such designation.

11. In the event of any dispute with respect to the correctness of the designation of CONFIDENTIAL INFORMATION, the parties shall attempt to resolve the dispute by negotiation. If such negotiations fail, any party may move for an appropriate order. The information shall be treated as confidential until the issue is resolved.

12. No party shall be obligated to challenge the propriety or correctness of the designation of information as "CONFIDENTIAL" and a failure to do so shall not preclude a subsequent challenge to such status. The burden of proof with respect to the propriety or correctness in the designation of information as "CONFIDENTIAL" shall rest on the designating party, except that the burden of proving the exceptions set forth in paragraph 7 shall rest on the party asserting the exceptions.

13. (a) If a furnishing party inadvertently produces any document or thing containing information that it deems confidential without designating it as "CONFIDENTIAL," the furnishing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing. The receiving party shall treat the information as CONFIDENTIAL INFORMATION. To the extent such document, thing or information may have been disclosed to

persons other than authorized persons, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

(b) If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party shall assert that such disclosure waived any privilege or immunity. The receiving party will return such inadvertently produced information and all copies within ten days of the earliest time of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request.

14. Promptly upon completion of the litigation, the parties shall return or destroy all documents designated as "CONFIDENTIAL" and all copies, extracts, excerpts and summaries of such documents, except that trial counsel for each party may retain a copy of exhibits, transcripts, and pleadings.

15. Copies of Exhibit A executed pursuant to this Order shall be duplicated and served within three days on the party whose CONFIDENTIAL INFORMATION is sought to be disclosed.

**Other**

16. Nothing in this Protective Order shall preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

**FOR ADC TELECOMMUNICATIONS, INC**

Dated: June 28, 2001    By: [signature]

Alan G. Carlson (# 14,801)
Albert L. Underhill (#111,740)
Philip P. Caspers (# 192,569)
Timothy A. Lindquist (# 245,318)
Dennis C. Bremer (#299,182)
Merchant & Gould P.C.
3200 IDS Center, 80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 332-5300

**FOR PANDUIT CORPORATION**

Dated: June 29, 2001    By: Nicole A. Fiorella

Daniel A. Boehnen
Curt J. Whitenack
Nicole A. Fiorella
McDonnell Boehnen Hulbert & Berghoff
300 S. Wacker Drive
Chicago, Illinois 60606
(312) 913-0001

Russell S. Ponessa (#169,316)
Hinshaw & Culbertson
Piper Jaffray Tower, Suite 3100
Minneapolis, Minnesota 55402
(612) 333-3434

**IT IS SO ORDERED** this 9th day of July, 2001.

[signature]
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| ADC TELECOMMUNICATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 01-CV-477 (ADM/AJB) |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| PANDUIT CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**EXHIBIT "A" TO PROTECTIVE ORDER**

I, ___________________________, have read and am familiar with the provisions of the Protective Order. I agree to abide by them.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _______ day of ___________________, 200__.

____________________________________

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.