**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

ADC TELECOMMUNICATIONS, INC.,

Plaintiff,

Civil No. 01-477 ADM/AJB

v.

**ORDER**

PANDUIT CORP.,

Defendant.

---

## I. INTRODUCTION

This case is a patent infringement action involving both utility patents and design patents. The litigation is now at a point where the parties are preparing for a Markman/summary judgment hearing. In an effort to aid in preparing a joint claim construction statement and Markman briefs, the parties have asked the Court to settle a dispute regarding the extent to which the at-issue design patents must be construed. Specifically, the parties disagree as to whether the Court, as a matter of claim construction, should (1) determine the point(s) of novelty and (2) decide whether the particular features of the at-issue design patents are functional or ornamental.

## II. DISCUSSION

A. GENERAL PRINCIPLES

A design patent protects the novel, ornamental features of the patented design.[1] In determining whether an accused product infringes a patented design, a court must first construe

---

[1] Unidynamics Corp. v. Automatic Products Int'l, LTD., 157 F.3d 1311, 1323 (Fed. Cir. 1998).

FILED OCT 30 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

the design patent's claim.[2] Next, two distinct tests must be applied: (1) the ordinary observer test and (2) the point of novelty test.[3]

Under the ordinary observer test, the fact-finder determines whether two designs are so similar as to confuse an ordinary observer.[4] The fact-finder must conclude, in order to find infringement, that the patented design, as a whole, is substantially similar to the accused design.[5] In evaluating this overall similarity, the fact-finder must be deceived by reason of the common features of the claimed and accused design that are ornamental, not functional.[6] If the accused product fails the ordinary observer test, the inquiry proceeds to the point of novelty test.[7]

B. POINT(S) OF NOVELTY

Under the point of novelty test, the fact-finder determines whether the accused product appropriates *novel* features of the patented design, i.e., those features of a patented design which distinguish it from prior art.[8] Here, there is no dispute that the ultimate question of whether the accused product appropriates the point(s) of novelty is a question of fact. However, Defendant argues, and Plaintiff disputes, that determining the point(s) of novelty is a matter of claim construction, i.e., a question of law. Defendant cites the Court to no persuasive authority for its argument. Moreover, although the Federal Circuit has not squarely addressed the matter, the law regarding "obviousness" leads the Court to reject Defendant's position. The issue of obviousness–which is ultimately a question of law–involves determining "the differences between the prior art and the claimed invention."[9] This is a factual inquiry, which the Federal

---

[2]Elmer v. ICC Fabricating, Inc., 67 F.3d 1571, 1577 (Fed. Cir. 1995).
[3]Unidynamics Corp. v. Automatic Products Int'l, LTD., 157 F.3d at 1323.
[4]Id.
[5]OddzOn Products, Inc. v. Just Toys, Inc., 122 F.3d 1396, 1405 (Fed. Cir. 1997).
[6]Read Corp. v. Portec, Inc., 970 F.2d 816, 825 (Fed. Cir. 1992).
[7]Sun Hill Indus., Inc. v. Easter Unlimited, Inc., 48 F.3d 1193, 1197 (Fed. Cir. 1995) (noting that a patentee must prove both a substantial similarity and the appropriation of the point(s) of novelty).
[8]Unidynamics Corp. v. Automatic Products Int'l, LTD., 157 F.3d at 1323.
[9]Winner Int'l Royalty Corp. v. Wang, 202 F.3d 1340, 1348 (Fed. Cir. 2000).

Circuit reviews for clear error.[10] The Court can ascertain no reason to conclude that a point(s) of novelty determination–which *essentially* involves determining the differences between the prior art and the claimed invention–should be treated any differently. The Court concludes that a point(s) of novelty determination is a factual inquiry, not a claim construction issue.[11] Of course, that is not to say that this issue, like other factual matters, cannot be resolved by summary judgment in the event that there is no genuine dispute.

B. FUNCTIONALITY

The parties also disagree as to whether the Court, as a matter of claim construction, must decide whether the particular features of the at-issue design patents are functional or ornamental. The answer may be found syllogistically: (1) Construing a patent's claim means determining the scope of the patent's claim, i.e., determining what the patent protects. (2) Design patents protect only the ornamental features of the patented design, not the functional elements. (3) Therefore, construing the claim of a design patent *must* involve deciding whether the particular features of the patent are functional or ornamental.[12] Indeed, the Federal Circuit could not have been clearer:

> Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent.[13]

---

[10] Id.

[11] See Black & Decker (U.S.) Inc. v. Pro-Tech Power Inc., 47 U.S.P.Q.2d 1843, 1846-47, 1998 WL 633636 (E.D. Va. 1998) (concluding that a point of novelty determination is a factual inquiry); Minka Lighting, Inc. v. Craftmade Int'l, Inc., No. 3-00-CV-0888-X, 2001 WL 1012685, at *24 (N.D. Tex. Aug. 20, 2001 ) (same).

[12] See Trucook v. Bond/Helman, Inc., No. 00-CV-4865, 2001 WL 826864, at *2 (N.D. Ill. July 18, 2001 ) (deciding whether a particular feature was functional or ornamental for purposes of claim construction); Black & Decker (U.S.) Inc. v. Cedarberg Indus. Inc., 48 U.S.P.Q.2d 1204, 1207, 1998 WL 526534 (N.D. Ill. 1998) (same).

[13] OddzOn Products, Inc. v. Just Toys, Inc., 122 F.3d at 1405.

C. CLOSING REMARKS

Generally speaking, the joint claim construction statement should contain the information called for by the Court's Amended Pretrial Scheduling Order dated July 3, 2001. The Court acknowledges, however, that some of the directives contained in that Order are not relevant to design patents. For example, with respect to design patents, there are no terms, phrases or clauses upon which to agree (or disagree). In any event, the joint claim construction statement, with respect to the at-issue design patents, should make note of those specific design elements which are claimed to be part of the protected ornamental design. The statement should include each parties proposed claim construction as to each of said specific design elements.

The parties' respective Markman briefs, with respect to the at-issue design patents (while being mindful that certain features of a product can include both ornamental and functional aspects), should speak in terms of functionality versus ornamentality. The parties should keep in mind that the Court's claim construction will be more than a mere description of the general design concept. It may note the specific ornamental features that produce the overall appearance of the design.[14]

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. The point(s) of novelty issue will be treated as a factual inquiry, not a claim construction issue;
2. As a matter of claim construction, the Court will address whether the particular features of the at-issue design patents are functional or ornamental; and
3. The parties shall submit a joint claim construction statement and Markman briefs, not inconsistent with this Order.

[14] See Precor Inc., v. Life Fitness, No. 00-1201& 00-1328, 2001 WL 727011 (Fed. Cir. June 27, 2001).

Dated: 10/29/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Within 10 days after being served with a copy of this Order, any party seeking to object to the same shall deliver to the Clerk of Court, and serve on the opposing party, written objections which specifically identify the portions of the Order to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within 10 days after service thereof. All briefs filed under this rule shall be limited to 10 pages.

The parties shall meet, and confer upon the timing for (1) filing the joint claim construction statement, (2) filing the Markman briefs and (3) the Markman/summary judgment hearing. In the event the parties cannot agree, the parties shall engage the Court in a telephone conference to resolve the matters.

AJB