**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

ADC Telecommunications, Inc.,

Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-477 ADM/AJB

Panduit Corp.,

Defendant.

---

Albert L. Underhill, Esq., and Mark D. Schuman, Esq., Merchant & Gould, P.C., Minneapolis, Minnesota, appeared for and on behalf of the Plaintiff.

Daniel A. Boehnen, Esq., and Nicole A. Fiorella, Esq., McDonnell Boehnen Hulbert & Berghoff, Chicago, Illinois, and Russell S. Ponessa, Esq., Hinshaw & Culbertson, Minneapolis, Minnesota, appeared for and on behalf of the Defendant.

---

## I. INTRODUCTION

In an Order dated June 5, 2002 [Doc. No. 75], Magistrate Judge Arthur J. Boylan limited each party to presenting four expert witnesses at trial. In an Order of June 14, 2002 [Doc. No. 77], Judge Boylan decided that Panduit will be allowed to rely on expert affidavits in support of its motions for summary judgment, although those experts will not be called to testify at trial. This matter is before the undersigned United States District Judge pursuant to Panduit's Appeal [Doc. No. 78] from Judge Boylan's Order of June 5, 2002, and ADC's Appeal [Doc. No. 81] from Judge Boylan's Order of June 14, 2002. For the reasons articulated below, the Appeals are denied and Judge Boylan's Orders are affirmed.

AUG 9 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## II. DISCUSSION

In ruling on an appeal from a non-dispositive matter decided by a magistrate judge, a district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72 .1(b)(2). This standard of review is extremely deferential. *See Reko v. Creative Promotions, Inc.*, 70 F.Supp.2d 1005, 1007 (D. Minn. 1999); *Banbury v. Omnitron Int'l., Inc.*, 818 F.Supp. 276, 279 (D. Minn. 1993). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r. of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

First, Judge Boylan's Order limiting each party to presenting four expert witnesses at trial is not clearly erroneous or contrary to law. The parties' Rule 26(f) Report of May 17, 2001, indicated that each party anticipated calling no more than four expert witnesses. The Pretrial Scheduling Order of June 1, 2001, ordered that "[e]ach party shall take no more than 4 expert depositions." Pretrial Scheduling Order at 7. This was consistent with the Rule 26(f) Report and implied that each party would be limited to four experts. Judge Boylan's Order of June 5, 2002, made the implication explicit by ordering that "[e]ach party shall be entitled to call not more than 4 experts at trial." Order ¶ 1. Panduit has demonstrated no error here. Judge Boylan's Order is adequately supported by the facts and the law.

Second, ADC appeals Judge Boylan's decision to allow Panduit to rely on expert affidavits in support of its motions for summary judgment, despite the fact that the experts will not be called to testify at trial. In the Order of June 14, 2002, Judge Boylan determined that the

issue of "[w]hether the expert reports of Professor Stoll and Mr. Pearson can be appropriately subsumed in Mr. Beall's testimony as suggested by Defendant, is an evidentiary question that should be reserved for trial." Order ¶ 1. This Court agrees; such evidentiary issues shall remain open for trial. Judge Boylan also decided that Panduit may rely on the Stoll and Pearson reports for its motions for summary judgment regardless of whether those individuals may be called to testify at trial. *Id.* ¶ 2. ADC argues that Judge Boylan erred by allowing Panduit to rely on evidence in support of a summary judgment motion when the affiants may not be called to testify at trial.

Rule 56 requires that "[s]upporting and opposing affidavits shall be made on personal knowledge [and shall] set forth such facts as would be admissible in evidence . . . ." Fed. R. Civ. P. 56(e). Evidence for a summary judgment motion need not be in "a form that would be admissible at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A tension exits between the personal knowledge requirement of Rule 56(e) and the Federal Rules of Evidence 702-705, which allow experts to testify at trial without a personal knowledge of the facts about which they testify. "If an affidavit presents an expert's opinion which is admissible in whole or in part, the court will consider such an affidavit to the extent it is admissible." *City of Chanute, Kan. v Williams Natural Gas Co.*, 743 F.Supp. 1437, 1445 (D. Kan. 1990). That an affidavit contains some inadmissible evidence does not mean the entire affidavit must be stricken. *United States v. Alessi*, 599 F.2d 513, 514-15 (2d Cir. 1979). A court may disregard the inadmissible parts and consider the rest of the affidavit. *Id.* at 515; *see also Ticali v. Roman Catholic Diocese of Brooklyn*, 41 F.Supp.2d 249, 255 (E.D. N.Y. 1999); *Prudential Ins. Co. of America v. Curt Bullock Builders, Inc.*, 626 F.Supp. 159, 164 (N.D. Ill. 1985) ("When admissible facts and

inadmissible statements occur in the same affidavit, the court need not strike the entire affidavit but rather may rely on the facts and disregard the rest."). The decision regarding which parts of the affidavits may be disregarded shall be addressed in disposing of the summary judgment motions.

Rule 56 does not require that the same individuals who will testify at trial must present the evidence in support of a summary judgment motion. The fact that Stoll and Pearson will not testify at trial does not render the facts and substance underlying the Stoll and Pearson statements inadmissable or improper for summary judgment purposes. Facts referenced in the Stoll report may be relied upon by Mr. Beall in his expert testimony, even if Stoll does not testify at trial. The factual material in the Pearson report regarding the disclosure of prior art may be introduced through another witness. ADC fails to show that the factual bases underlying the Stoll and Pearson statements are inadmissable. Judge Boylan's decision to allow Panduit to rely on expert affidavits in support of its motions for summary judgment, despite the fact that the experts will not be called to testify at trial, is not clearly erroneous or contrary to law. Reviewing the circumstances and procedural posture of this case does not create a definite and firm conviction that a mistake has been committed. The Order is affirmed.

## III. CONCLUSION

Based upon the foregoing, Judge Boylan's Orders, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Judge Boylan's Orders of June 5, 2002, and June 14, 2002 [Doc. Nos. 75, 77] are **AFFIRMED**;

(2) Panduit's Appeal [Doc. No. 78] is **DENIED**; and

(3) ADC's Appeal [Doc. No. 81] is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: August 9, 2002